UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Brinson, #130818, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No.: 6:11-1709-HFF-KFM |
| vs. ) | |
| ) | |
| Warden Newton, Allendale C.I.; ) | **Report and Recommendation** |
| Mrs. Rosa Smith, Caseworker; ) | |
| Mrs. Hudson, Caseworker, Allendale C.I.; ) | |
| Ms. Lee, Caseworker, McCormick C.I., ) | |
| ) | |
| Defendant(s). ) | |
| _____ ) | |

Plaintiff, Joseph Brinson, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the McCormick Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual Background

Plaintiff alleges his First Amendment rights have been violated because he was transferred from Allendale Correctional Institution to McCormick Correctional Institution in retaliation for filing a complaint. Plaintiff alleges he was having "trouble" with a cellmate and reported it to a caseworker. Plaintiff alleges no action was taken. Plaintiff sent a request to the Warden asking that his cellmate be moved. According to the Complaint, Plaintiff was charged "for mailing this complaint with lying to an employee and I was put on cell restriction for 15 days, and 30 days canteen restriction." Plaintiff alleges he was subsequently charged with "refusing and failing to obey a direct order 825." He was placed in a special

management unit (SMU) for 17 days, after which he alleges he was transferred to McCormick Correctional and placed on lock-up without notice.

Plaintiff states that while he was on lock-up at Allendale he tried to send a complaint to the South Carolina Department of Corrections (SCDC) headquarters but he alleges that Defendant Smith opened his mail and "did not send it to the official I addressed it." Plaintiff alleges he was told by Defendant Hudson that because he went before the disciplinary hearing officer (DHO) he was going to be transferred to an "MI3" institution. Plaintiff alleges his custody classification is "MI2." Plaintiff argues that an "825 charge" is a minor charge, or a "level three" offense. Plaintiff alleges he is now far from home and has been denied the opportunity to have his custody classification reviewed because he was in SMU. Plaintiff claims he wanted to be reviewed for a "hardship transfer" but was "refused."

In addition to the First Amendment claim, Plaintiff alleges his 14th Amendment rights to due process and equal protection have been violated. He seeks declaratory relief and a transfer back to Allendale Correctional. He also seeks compensatory and punitive damages.

An attachment to the Complaint shows that Plaintiff's Step 1 grievance was returned to him because his institutional assignment is a non-grievable issue. He also filed a Step 1 grievance about a hardship transfer, but the grievance was returned to him because he was outside the 15 day time frame to file his complaint.

II.     Discussion

    A.     Standard of Review

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of

2

this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

  B. Analysis

Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control. *Wolff v. McDonell*, 418 U.S. 539, 558-62 (1974). There is no constitutional right for a state or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. *See Olim v. Wakinekona*, 461 U.S. 238 (1983); and *Ange v.*

3

*Paderick*, 521 F.2d 1066 (4th Cir. 1975), Thus, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-1017 & n.1 (4th Cir. 1984)(collecting cases).

Cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of SCDC from being classified or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); and *Brown v. Evatt*, 470 S.E.2d 848 (S.C. 1996)(South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). In fact, it is well settled that the placement of inmates into administrative segregation units is a valid means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D.Md. 1991). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983)("[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.");[1] and *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)(if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process

---

[1] Unrelated portions of the holding in *Hewitt v. Helms* have been superannuated by later case law. This portion of the holding in *Hewitt v. Helms* has not been superannuated by later case law.

4

Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").

Since the Plaintiff was committed by a Court of General Sessions to the custody of the SCDC, the choices of where and how the Plaintiff is to be confined are to be determined by the SCDC. Although the Plaintiff seeks a transfer back to the Allendale Correctional Institution and a more favorable custody classification, Defendants' classification of Plaintiff and institutional placement have not violated his constitutional rights. *See Wolff v. McDonnell*, 418 U.S. at 558-62; and *Mann v. Leeke*, 73 F.R.D. 264, 265-267 & n. 6 (D.S.C. 1974), *affirmed*, 551 F.2d 307 (4th Cir. 1977) [Table]. *See also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(federal courts are not "to assume the role of super wardens of state penal institutions").

III.    Conclusion

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process.

s/ Kevin F. McDonald
United States Magistrate Judge

August 16, 2011
Greenville, South Carolina

*The Plaintiff's attention is directed to the important **NOTICE** on the next page.*

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).